# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| RANDALL JONES, | |
| Plaintiff, | No. 11-CV-27-LRR |
| vs. | **ORDER** |
| PATRICK R. DONAHOE, Postmaster General, and UNITED STATES POSTAL SERVICE, | |
| Defendants. | |

## I. INTRODUCTION

The matter before the court is Defendant Postmaster General Patrick R. Donahoe's "Motion for Transfer of Venue" ("Motion") (docket no. 9).

## II. PROCEDURAL BACKGROUND

On August 15, 2011, Plaintiff Randall Jones filed a Complaint (docket no. 6) against Donahoe and the United States Postal Service ("USPS"), alleging employment discrimination. Defendants have not filed an answer or otherwise responded to the Complaint. On January 23, 2012, Donahoe filed the Motion. On February 6, 2012, Plaintiff filed a Resistance (docket no. 11). Donahoe did not file a reply and the time for doing so has expired. Neither party requests oral argument on the Motion. The Motion is fully submitted and ready for decision.

## III. FACTUAL BACKGROUND

Plaintiff is a former employee of the USPS. At the time of the alleged employment discrimination, Plaintiff resided in Iowa City, Iowa, and worked at the Post Office in Iowa City. Iowa City is located in the Southern District of Iowa. At the time Plaintiff filed the instant action, however, Plaintiff resided in Marion, Iowa, which is located in the Northern

District of Iowa.

## IV. ANALYSIS

Donahoe does not argue that venue is improper in the Northern District of Iowa. In fact, as Plaintiff points out in his Resistance, pursuant to 28 U.S.C. § 1391:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Accordingly, the court finds that Plaintiff, a resident of the Northern District of Iowa, properly brought this action before this court.

Nonetheless, Donahoe now moves the court to transfer venue to the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a), which states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." In deciding whether to transfer venue, "federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under [§] 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). District courts possess "much discretion" in deciding whether to transfer a case. *Id.* at 697. "The statutory language [in 28 U.S.C. § 1404] reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Id.* at 691.

Donahoe maintains that the first two factors, the convenience of the parties and witnesses, weigh in favor of transfer to the Southern District. Donahoe argues that "the majority of potential witnesses either work at the postal facility where the alleged events

2

occurred or work in the Southern District of Iowa." Memorandum in Support of Motion ("Motion Brief") (docket no. 9-1) at 4. Donahoe claims that, "[b]ecause the relevant events of this case occurred in the Southern District of Iowa, and the majority of witnesses reside in or work in the Southern District, the overall convenience is best served by litigation in the Southern District of Iowa." *Id.* at 5. However, Donahoe recognizes that the applicable Federal District Court for the Southern District of Iowa is located in Davenport, Iowa, which is approximately sixty minutes from Iowa City, and that the applicable Federal District Court for the Northern District of Iowa is located in Cedar Rapids, Iowa, which is approximately thirty minutes from Iowa City. *Id.* at 2 n.5. The court fails to see how it could be more convenient for the parties and witnesses to drive an additional thirty minutes to litigate this action in Davenport, Iowa. In contrast, Plaintiff makes clear in the Resistance that driving to Davenport, Iowa will be inconvenient for him due to his disabilities and his limited income. Consequently, the court finds that the first two factors, the convenience of the parties and witnesses, weigh against transfer to the Southern District of Iowa.

Donahoe also maintains that the interests of justice factor weighs in favor of transfer to the Southern District of Iowa because that is "where the relevant events occurred and the majority of potential witnesses connected to those events are located." *Id.* at 6. Donahoe argues that the court should not give deference to Plaintiff's choice of forum because "he filed [the Complaint] in the Northern District solely for his convenience." *Id.* Courts considering the interests of justice factor weigh a number of considerations, including:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

3

*Terra Int'l*, 119 F.3d at 696 (listing factors with approval and noting that they "parallel the factors that courts typically analyze under [§] 1404(a)"). After analyzing each of the considerations listed above, the court concludes that three of the considerations—judicial economy, Plaintiff's choice of forum and the costs of litigation—weigh against transfer, while the remaining considerations—each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues and using a local court to apply local law—are entirely neutral. After considering all of the facts and circumstances of this case, the court finds that the interests of justice weigh against transfer. The court shall therefore deny the Motion.

## IV. CONCLUSION

In light of the foregoing, Defendant Postmaster General Patrick R. Donahoe's "Motion for Transfer of Venue" (docket no. 9) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 1st day of March, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA